Mr. D. Derrell Davis Attorney at Law P.O. Box 398 1511-A West Sevier Benton, AR 72018
Dear Mr. Davis:
This is in response to your request for an opinion pursuant to the Arkansas Freedom of Information Act ("FOIA"), which provides, under A.C.A. § 25-19-105(c)(3)(B) (Supp. 1999), for the Attorney General's review of the custodian's decision with respect to the release of personnel or evaluation records. Your request pertains specifically to a complaint in connection with alleged sexual harassment. You state that the City of Bryant has received a complaint of sexual harassment from one police officer against a fellow police officer. The officer who was the subject of the complaint has filed a request for a copy of the complaint under the FOIA. You state further that the complaint has been placed in the personnel files of both officers. You state that the complaint also contains allegations of use of language and actions by other city employees that are not in the nature of sexual harassment and that, if true, could subject those employees to disciplinary action.
Your specific questions in this regard are as follows:
 1. Is the officer entitled to a copy of the complaint filed against him/her?
 2. Is the complaint subject to release under the FOIA since it could be the basis of adverse personnel actions against third parties?
 3. Can the complaint be released with the third party allegations deleted?
RESPONSE
I must note initially that I have not reviewed the actual record in question. Nor have I been apprised of the custodian's decision with regard to releasing the record. I thus do not have the benefit of the custodian's analysis based upon the surrounding facts. While I therefore cannot opine conclusively as to the record's disclosure under the FOIA, it is my opinion as a general matter that the subject of the complaint has the right to inspect and copy the complaint with the exception of any information that must be removed based upon privacy concerns. You have not suggested that the complaint was made or given as part of an agency inquiry or investigation, and I will assume that this is the case. In that instance, i.e., where the complaint was not created for evaluation or investigation purposes, the general public will likely be entitled to inspect and copy the record with the exception of any information the release of which would constitute a clearly unwarranted invasion of personal privacy.
Question 1 — Is the officer entitled to a copy of the complaint filedagainst him/her?
It is my opinion that the answer to this question is, generally, "yes." Assuming that the complaint was initiated by the complaining officer and that it was not generated as part of an internal investigation, then it likely constitutes a "personnel record" under the FOIA. See A.C.A. §25-19-105(b)(10).[1] As noted by a recognized authority on the FOIA, the term "personnel records" is broad enough to encompass a wide array of personnel-related documents. J. Watkins, THE ARKANSAS FREEDOM OF INFORMATION ACT (3rd ed. 1999). It reasonably follows, in my view, that a complaint document such as this, contained in the personnel file and related specifically to the conduct of the employee, falls within the personnel records provision of the FOIA. See also Op. Att'y Gen. Nos.98-001 and 95-347. As such, it must generally be made available to the officer against whom the allegations were made. Subsection (c)(2) of §25-19-105 states that:
 [a]ny personnel or evaluation record exempt from disclosure under this chapter shall nonetheless be made available to the person about whom the records are maintained or to that person's designated representative.
A.C.A. § 25-19-105(c)(2) (Supp. 1999) (emphasis added).
One possible caveat attends this conclusion, in light of your statement that the complaint contains allegations concerning other employees. It is possible, depending upon the particular facts, that the officer's personnel file contains other employees' personnel records. You have asked whether the officer is entitled to a copy of the sexual harassment complaint filed against him or her. If the so-called "third party allegations," which you state are not in the nature of sexual harassment, are separate from the allegations against this officer, then it is possible that the personnel file contains records that are not the officer's personnel records. The right of an employee to access his own personnel records generally does not encompass information concerning other employees that, although placed in the requester's personnel file, is not actually properly considered a part of his or her personnel records. If that is the case, then the exemption under § 25-19-105(b)(10) will apply with respect to the officer's access to any such records that constitute the personnel records of other individuals. The officer would be able to inspect and copy such other personnel records except "to the extent that disclosure would constitute [a] clearly unwarranted invasion of [the] personal privacy" of the other employees. Id. This is of course a factual question that turns entirely upon the contents of the record(s). See generally Op. Att'y Gen. 98-001 (discussing the applicable test under the personnel records exception).
The above discussion assumes that the officer's personnel file contains records that are not his or her personnel records. It should be noted in this regard that when considering the officer's right to access his own personnel file, the above analysis does not apply to that portion of the complaint pertaining to the officer, even though its release might constitute a clearly unwarranted invasion of privacy as to some "personnel." This might apply, for instance, to privacy concerns of the complaining officer in connection with the sexual harassment allegations. You state that the complaint was also placed in the personnel file of the complaining officer. The complaint in this instance may also properly be considered a personnel record of the complaining officer. This does not, however, in my opinion, affect the complaint's availability under the FOIA to the officer "about whom [it is] maintained. See A.C.A. § 25-19-105(c)(2), supra. As previously noted by this office, the FOIA's "clearly unwarranted invasion" exception for personnel records is an exception to the release of documents to the "public." See Op. Att'y Gen. 95-131 (addressing the scenario where a personnel record could also be considered the personnel record of another employee).
An important qualification must, however, also be noted in this regard. A requester of records under A.C.A. § 25-19-105(c)(2) (requesting his own personnel records) does not have a right to access any information which would be shielded from disclosure under a constitutional right to privacy, the test for which is delineated in McCambridge v. City of LittleRock, 298 Ark. 219, 766 S.W.2d 909 (1989). This privacy right can supersede the specific disclosure requirements of the FOIA. This right of privacy shields "personal matters" that the individual wants to and has kept private or confidential, that except for the government action can be kept private or confidential, that to a reasonable person would be "highly offensive" or harmful or embarrassing if disclosed, and where the privacy interest in the nondisclosure of the personal matter outweighs any governmental interest in disclosure. Id. at 230, 231. Any information that meets the criteria set forth in McCambridge should be excised, and the remaining information should be made available for inspection and copying.
Question 2 — Is the complaint subject to release under the FOIA since itcould be the basis of adverse personnel actions against third parties?
Unless the complaint was created as part of an investigation of the harassment allegations and thus constitutes a job performance or evaluation record, (see n. 1, supra), the potential for adverse personnel actions would not, in my opinion, be a factor in determining whether it is subject to inspection and copying under the FOIA. The complaint will be available to the public except to the extent its release would constitute a clearly unwarranted invasion of personal privacy.
Question 3 — Can the complaint be released with the third partyallegations deleted?
As indicated above, the answer to this question will depend upon the particular facts surrounding the "third party allegations." As to any records not constituting personnel records of the officer seeking the records, it is possible that the personnel records exception under the FOIA will apply to require the deletion of any information the disclosure of which would constitute a clearly unwarranted invasion of the personal privacy of other employees. See response to Q.1. Otherwise, when making the complaint available to the officer, there will generally be no statutory basis for deleting the other allegations. The constitutional right of privacy may, however, as stated above, be implicated, depending upon the actual content of the allegations. As for releasing the complaint to the public, the "clearly unwarranted invasion" test will likely be applicable in determining whether the third party allegations must be deleted.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] The FOIA exemption for "employee evaluation or job performance records" is, on the other hand, probably applicable if the complaint was created for evaluation or investigation purposes. See A.C.A. §25-19-105(c)(1) and generally Op. Att'y Gen. Nos. 97-081, 96-257. A different test applies with respect to the release of such records. Id.
As noted above, however, you have not indicated that this complaint arose in connection with any investigation, and I will thus not address this exemption further.